THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

v.                                                                    Case No.  18-cr-123

VELASCO BARRERA, Pablo Miguel,

   Defendant.

### BARRERA'S OMNIBUS REPLY TO UNITED STATES' RESPONSES IN OPPOSITION

COMES NOW the Defendant, Pablo Miguel Velasco Barrera ("Barrera"), by counsel, and files this as his omnibus reply to each of the United States' ("U.S.") responses in opposition to his motions filed herein, and in support hereof, states as follows:

1. #901:  Opposition to Motion to Exclude:

The U.S. has produced a substantial amount of information in discovery that predates the deaths of the decedents, Edwin E.E. Mendez ("EM") and Sergio A.A. Triminio ("ST"), that would otherwise allegedly support and corroborate its claims respecting Barrera's alleged involvement in MS-13.  The U.S. suggest that Facebook records purportedly belonging to Barrera in the name of "Juan Carlos," reveal "Velasco's consciousness of guilt."  None of the charges pending against Barrera have as an element, that the U.S. must prove beyond a reasonable doubt, consciousness of guilt.  Accordingly, Barrera renews his motion to exclude this evidence.

2. #903:  Opposition to Motion for Additional Motions:

Barrera filed this motion to address ongoing U.S. disclosures, either of further discovery, or motions in limine, notices, designations, etc.  Barrera does not seek to file motions relating to

matters properly disclosed by the U.S. prior to the date of this motion. Accordingly, Barrera renews his motion for leave to file further motions.

    3. #904: Opposition to Motion in Limine respecting Forensic Evidence as Impartial:

Barrera field this motion to preclude the U.S. from presenting its opinion at any stage of the proceedings respecting the impartiality or objectivity of any forensic evidence sought to be introduced. Barrera suggest that the U.S. is not competent to opine as to the impartiality or objectivity of doing so and would effectively turn itself into a witness outside the reach of counsel for cross-examination purposes. Accordingly, Barrera renews his motion in limine respecting opining as to the impartiality or objectivity of anticipated forensic evidence.

    4. #905: Motion in Limine to Exclude Media Evidence per FRE 403:

Upon information and belief, the U.S. has spent many months reviewing its evidence, including videos depicting extreme violence, with several anticipated witnesses, some of whom are former codefendants in this matter hoping for sentencing leniency. The U.S. claims that it needs this evidence to corroborate its witnesses' anticipated testimony to support the charges in this matter. This corroboration would presumably be elicited from witnesses who have neither heard nor seen Barrera in three (3) years. The introduction of the videos will violate FRE 403 prohibition on the use of such evidence because it may cause unfair prejudice and/or be cumulative. Accordingly, Barrera renews his motion to exclude this evidence.

    5. #907: Motion to for Jury Questionnaire:

Although the government has made substantial progress in controlling the Covid 19 pandemic, the rapid increase in infections attributable to the so-called "Delta Variant" of the virus may impact the course of the proceedings before this Court. Out of an abundance of

caution, the request for a jury questionnaire is timely and reasonable. Accordingly, Barrera renews his motion for a jury questionnaire.

    6. #908: Motion for Information relating to the Decedents' Criminal Activity:

For some reason contrary to the dictates of due process, the government maintains that it should be able to distort reality relating to the activities of EM and ST in this matter. The government has provided in discovery ample evidence of the decedents participation in gang activity supporting Barrera's claims that EM and ST were members and active participants in the criminal enterprise charged by the government to exist in this case.

It is anticipated that the government will argue, as it has in the past, that Barrera and the other Defendants cannot raise the duress defense because it is foreclosed by their respective decisions to recklessly join a known violent gang. Barrera suggests that, taking this logic to its inevitable conclusion, those who are members and active participants in gang activity cannot be then considered to be victims of their own actions. Due process and the right to a fair trial require the admission into evidence of the decedents participation in the enterprise alleged by the government to exist in this case. Accordingly, Barrera renews his motion to for a jury questionnaire.

    7. #910: Motion to Strike Expert designation:

This motion may, in fact, be premature. If so, this supports the reasons that Barrera relied upon to request leave of this Court to file additional motions. Accordingly, Barrera renews his motion to strike expert or in the alternative, that this Court grant his request for leave to file further motions. See 2., #903, above.

    8. #911: Notice of Intent re: FRE 404 Evidence:

See 6., #908 above.

In addition, the government has produced in discovery information suggesting that ST joined the group traveling to the site of his eventual death because he believed that all were going to participate in a discipline, a correct and/or a hit. The government also produced in discovery, information that suggests that ST was advised that he, and others, might be the target of the activity on that evening.

This information relates to the government's claim in Counts 3, 4, 7 and 8 of the indictment that ST was "inveigled" and "held for ransom or reward or otherwise" under 18 U.S.C. Section 1201. The information referenced in the above paragraph suggests otherwise. Accordingly, Barrera renews his motion to admit FRE 404(b) evidence.

WHEREFORE, for all of the foregoing reasons, Defendant Barrera respectfully requests that this Court enter an Order granting his motions filed herein and for such further and other relief as this Court deems proper under the circumstances of this case.


Respectfully submitted,
Pablo Miguel Velasco Barrera
By Counsel

_____/s/_____
PAUL P. VANGELLOW, ESQ.
VSB#23488
Paul P. Vangellow, P.C.
Attorney for Pablo Miguel Velasco Barrera
6109A Arlington Blvd.
Falls Church, VA  22044
(703) 241-0506
fx: (703) 241-0886
pvangellow@gmail.com

_____/s/_____
Harry A. Dennis, ESQ.
Virginia State Bar No. 40888
Attorney for the Pablo Miguel Velasco Barrera
Dennis, Stewart, & Krischer, PLLC
2045 N 15th St. Ste. 200
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-524-5283
Email: hdennis@dskvalaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of July 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

Date: July 14, 2021              _____/s/_____
Paul P. Vangellow, Esq.
VSB#23488
Paul P. Vangellow, PC
Attorney for Pablo Miguel Velasco Barrera
6109A Arlington Blvd.
Falls Church, VA  22044
(703) 241-0506
fx: (703) 241-0886
pvangellow@gmail.com


_____/s/_____
Harry A. Dennis, Esq.
VSB#40888
Attorney for Pablo Miguel Velasco Barrera
Dennis, Stewart, & Krischer, PLLC
2045 N 15th St. Ste. 200
Arlington, VA 22201
Phone: 703-248-0626
Fax: 703-524-5283
Email: hdennis@dskvalaw.com