IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD HERRERA CONTRERAS, | ) | Criminal Action No. 1:18-cr-123-4 (RDA) |
| | ) | |
| HENRY ZELAYA MARTINEZ, | ) | Criminal Action No. 1:18-cr-123-6 (RDA) |
| | ) | |
| PABLO MIGUEL VELASCO BARRERA, | ) | Criminal Action No. 1:18-cr-123-8 (RDA) |
| | ) | |
| DUGLAS RAMIREZ FERRERA, | ) | Criminal Action No. 1:18-cr-123-12 (RDA) |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter comes before the Court on Defendants' Joint Motion Regarding Procedure for Evidentiary Objections ("Motion"). Dkt. 944. This matter is now ripe for review.

On April 23, 2021, counsel for the Government and Defendants submitted an agreed-upon, proposed scheduling order. Dkt. 854. The Court adopted that scheduling order with only minimal revision when it issued its trial scheduling order on April 28, 2021 ("Scheduling Order"). Dkt. 856. The Scheduling Order set a June 15, 2021 deadline for the parties to disclose "recorded statements—along with, where applicable, translations of such statements—that it will seek to introduce in its case-in-chief, including written and oral statements from Facebook records, phone extractions, and post-arrest interviews." *Id.* The Scheduling Order also set a July 15, 2021 deadline for the parties to file "evidentiary objections to recorded statements that the opposing party will seek to introduce in its case-in-chief." *Id.*

The day of the deadline for disclosure, July 15, 2021, Defendant Ronald Herrera Contreras filed a consent motion for a five-day extension to file these evidentiary objections to recorded

statements, citing difficulties in accessing the recorded discovery produced via USAfx. Dkt. 925. The Court granted the motion that same day. Dkt. 926. Later in the evening of July 15, 2021, Defendant Pablo Miguel Velasco Barrera filed a motion also seeking a five-day extension, but without the Government's consent. Dkt. 927. Defendants Henry Zelaya Martinez and Duglas Ramirez Ferrera did not file written motions seeking extensions. At a scheduled pretrial motions hearing on July 16, 2021, the Court granted each Defendant a seven-day extension for filing evidentiary objections—two days longer than initially allowed to Defendant Herrera Contreras.

Then, on July 22, 2021, the day before the newly extended deadline, Defendants jointly filed this Motion requesting an order regarding the procedure for evidentiary objections. The Motion also sought an expedited hearing. The next day, on July 23, 2021, Defendants submitted certain evidentiary objections to the Court on an *ex parte* basis. The Court set an expedited hearing on the Motion for July 28, 2021. The Government opposed Defendants' Motion on July 23, 2021, and Defendants replied on July 27, 2021. Dkt. Nos. 945; 949.

The Court addressed counsel's proposed modifications to the proposed juror questionnaire (Dkt. 947) at the July 28, 2021 hearing and issued a final version of the juror questionnaire (Dkt. 952) later that day. At the hearing, Defendant Velasco Barrera also withdrew his objections that formed the basis of the Government's Motion to Take Judicial Notice (Dkt. 931).

The Court heard oral argument on Defendants' Joint Motion Regarding Procedure for Evidentiary Objections at the July 28, 2021 hearing. Defense counsel represented that there had been a miscommunication between Government counsel and defense counsel regarding the nature of the evidentiary objections counsel had agreed to make by July 15, 2021, notwithstanding communications the Government referenced in its opposition and attached as an exhibit to that brief. *See* Dkt. 945. After considering the parties' positions, the Court ordered defense counsel to

destroy, or return to Government counsel, certain pretrial disclosures made by the Government. Also at the hearing, counsel for each Defendant represented that they do not make any authenticity or foundational objections to the Government's evidentiary disclosures. Instead, Defendants make certain evidentiary objections, including objections based on the alleged prejudicial value of certain evidence, the rule against hearsay, and cumulativeness.

Having considered the Motion and oral argument from counsel, the Court finds that the evidentiary objections identified in Section I of Defendants' *ex parte* submission will be appropriately resolved at trial. The Government shall remain in possession of any material defense counsel has been ordered to return to the United States Attorney's Office. Defendants are hereby ORDERED to immediately file on the public docket a copy of the constitutional objections identified in Section II of their *ex parte* submission. The Government shall respond to Defendants' constitutional objections on or before August 18, 2021. Should Defendants choose to reply, their joint reply brief shall be due on August 24, 2021, or six days after the Government files its response, whichever is earlier. The August 26, 2021 hearing to resolve any evidentiary objections will remain on the Court's docket, although the Court will hear argument at 9:00 a.m.; and

IT IS FURTHER ORDERED that, in light of Defendant Velasco Barrera's representations at the July 28, 2021 hearing that he withdraws his objections to certain facts, the Government's Motion to Take Judicial Notice (Dkt. 931) is DENIED as MOOT. The Court encourages counsel to reach pretrial stipulations regarding these and other facts that are not reasonably in dispute.

It is SO ORDERED.

Alexandria, Virginia
August 4, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge

3