IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES, | |
| v. | Case No.: 1:18CR123-RDA |
| RONALD HERRERA CONTRERAS, | |
| *Defendant.* | The Hon. Rossie D. Alston |

**DEFENDANTS' JOINT OBJECTIONS TO PROPOSED EXHIBITS**

COMES NOW, the Defendant Ronald Herrera-Contreras, by and through counsel, and joined by each of his co-defendants, Pablo Velasco Barrera, Henry Zelaya Martinez and Douglas Ramirez Ferrara, and per this Court's Order dated August 5, 2021, files this as their constitutional objections to the proposed exhibits and in support hereof, state as follows:

**I.    CONSTITUTIONAL OBJECTIONS**

The warrants permitting law enforcement to search *the entirety* of the Facebook accounts alleged to belong to Mr. Herrera-Contreras and others, as well as the entire contents of their phones, are lacking in sufficient particularity. The overbreadth of the searches and seizures conducted pursuant to these warrants is evident in the exhibits the government proposes to offer, which in many instances do not relate to elements of the offenses charged and instead include discussions regarding unrelated, unproved "bad acts," for which there is no other evidence. The inclusion of these communications illustrates that the seizure of everything in the defendants' social media accounts and everything on their phones violated their Fourth Amendment rights.

The so-called "wiretap statute" mandates that law enforcement personnel refrain from intercepting communications having little or no relation to the suspected offense:

1

"Every [wiretap] order. . . shall be executed as soon as practicable, (and) shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter . . . ." 18 U.S.C. § 2518. This provision is intended "(t)o prevent improper invasion of the right of privacy and to curtail the indiscriminate seizure of communications, . . . ." *United States v. Clerkley*, 556 F.2d 709, 715-716 (4th Cir. 1977), citing *United States v. Focarile*, 340 F.Supp. 1033, 1044 (D.Md.), aff'd sub nom., *United States v. Giordano*, 469 F.2d 522 (4 Cir. 1972), aff'd, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974).

The prescribed caution in the execution of wiretaps is due to the fact that "[b]y its very nature eavesdropping involves an intrusion on privacy that is broad in scope. As was said in *Osborn v. United States*, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966), the 'indiscriminate use of such devices in law enforcement raises grave constitutional questions under the Fourth and Fifth Amendments,' and imposes "a heavier responsibility on this Court in its supervision of the fairness of procedures * * *." At 329, n. 7, 87 S.Ct. at 433." *Berger v. State of New York*, 388 U.S. 41, 56, 87 S.Ct. 1873, 1882, 18 L.Ed.2d 1040,    (1967).

The *Berger* court struck down a New York statute permitting wiretaps because it lacked "precise and discriminate" requirements and instead permitted the "indiscriminate use" of electronic devices specifically condemned in *Osborn*. The Court went on to say that even "the proceeding by search warrant is a drastic one," and must be carefully circumscribed *so as to prevent unauthorized invasions of "the sanctity of a man's home and the privacies of life." Id.* (internal citations omitted) (emphasis added). However, New York's "broadside authorization rather than being "carefully circumscribed" . . . actually permits general searches by electronic

devices." *Id.* The Court went on to note that such "general warrants" were a motivating factor behind the Declaration of Independence. *Id.*

While the Supreme Court noted in *Berger* that "it is said that neither a warrant nor a statute authorizing eavesdropping can be drawn so as to meet the Fourth Amendment's requirements," and "if that be true then the "fruits" of eavesdropping devices are barred under the Amendment," the Court also cited to instances in which it had sustained the use of eavesdropping devices. *Id.* at 63, 87 S.Ct. at 1886, 18 L.Ed.2d at       . The Court sustained their use where 1) the "commission of a specific offense" was charged, 2) its use was "under the most precise and discriminate circumstances" and 3) the effective administration of justice in a federal court was at stake. *Id.* "The Fourth Amendment does not make the "precincts of the home or the office sanctuaries where the law can never reach," …. but it does prescribe a constitutional standard that must be met before official invasion is permissible." *Id.*

Obtaining and searching the entirety of one's entire phone, or the entirety of a social media account, is akin to executing a wiretap that listens to the entirety of every single call—except that it's listening in to all voice mails, reading all messages, viewing all videos and pictures, reviewing internet search history, reading every email, calendar entry, and everything else—just for good measure. This is not permissible under the Fourth Amendment as it fails both the "particularity" and "breadth" tests. The warrant provided indiscriminate access to all of the contents of the phones and accounts purported to belong to defendants, without limitation. Therefore, all of the material obtained during said search should be excluded as violative of their Fourth Amendment rights.

WHEREFORE, the Mr. Herrera Contreras and his co-defendants respectfully pray that the Court exclude from evidence material seized from Defendants' Facebook accounts and

searches of their mobile phones.

                                                Respectfully Submitted,
                                                RONALD HERRERA CONTRERAS
                                                By Counsel

THE LAW OFFICE OF LANA MANITTA, PLLC

By:_____/s/_____.
Lana Manitta, VSB #42994
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428   FAX (703) 705-4429
Lmanitta@ManittaLaw.com
Counsel for Defendant Herrera Contreras


GOWEN RHOADES WINOGRAD & SILVA, PLLC

By:_____/s/_____.
Jesse Isaac Winograd, VSB#79778
523 Capital Court NE, Suite 100
Washington, DC 20002
(202) 380-9355   FAX (202) 499-1370
jwinograd@gowensilva.com
Counsel for Defendant Herrera Contreras


_____/s/_____
PAUL P. VANGELLOW, ESQ. VSB#23488
Paul P. Vangellow, P.C.
6109A Arlington Blvd.
Falls Church, VA  22044
(703) 241-0506
fx: (703) 241-0886
pvangellow@gmail.com
Counsel for Pablo Velasco Barrera


_____/s/_____
Harry A. Dennis, Esq.
Virginia State Bar No. 40888
Dennis, Stewart, & Krischer, PLLC
2045 N 15th St. Ste. 200
Arlington, VA 22201
Phone: 703-248-0626 Fax: 703-524-5283
Email: hdennis@dskvalaw.com
Counsel for Pablo Velasco Barrera

_____/s/_____
Joseph King VSB # 65632
King, Campbell, Poretz & Mitchell PLLC
118 N. Alfred Street, 2nd Floor
Alexandria, Virginia 22314
(703) 683-7070
Fax: (703) 652-6010
jking@kingcampbell.com
Counsel for Henry Zelaya Martinez

_____/s/_____
Charles Russell Twist VSB# 35483
Charles Russell Twist, PLC
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-812-8686
charlesrussell.twist@verizon.net
Counsel for Henry Zelaya Martinez

_____/s/_____.
Pleasant S. Brodnax, III, VSB No. 26477
1701 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
Office: 202.462.1100
Fax: 202.204-5165
Email: pleasant.brodnax@gmail.com
Counsel for Duglas Ramirez Ferrara

_____/s/_____.
Darwyn L. Easley, VSB No. 48250
10521 Judicial Drive, Suite 205
Fairfax, Virginia 22030
Office: 703.865.6610
Fax:     703.842.6101
Email: dle@easleyfirm.com Counsel
for Duglas Ramirez Ferrara

5

## CERTIFICATE OF ELECTRONIC FILING

  I HEREBY CERTIFY THAT on this the 5th day of August 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing (NEF) to all counsel of record.

By: _____/s/_____.
Lana Manitta, VSB #42994
The Law Office of Lana Manitta, PLLC
140B Purcellville Gateway Drive, #511
Purcellville, VA 20132
(703) 705-4428
FAX (703) 705-4429
LManitta@ManittaLaw.com