IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>RONALD HERRERA CONTRERAS,<br><br>*Defendant.* | Case No: 1:18CR123-RDA<br><br>The Hon. Rossie D. Alston |

**DEFENDANT'S MOTION FOR
INVESTIGATION INTO THE SEIZURE OF
PRIVILEGED MATERIALS AND DEFENDANT'S REQUEST FOR TRANSFER**

COMES NOW, the Defendant Ronald Herrera Contreras, by and through counsel, and hereby moves this Court to order the United States Marshals to investigate the seizure of privileged materials at the Northern Neck Regional Jail and to transfer him to another facility pending trial.

The Court is well aware of Mr. Contreras' complaints with his situation at the Northern Neck Regional Jail. Since being moved there, Mr. Contreras has continually asked this Court to order his transfer to another facility. The situation has not improved. Mr. Contreras has asked for mental health care and received none, he has been held in solitary confinement for more days that he can count, and recently has gone days without being allowed to use shower facilities.[1] But now, the Northern Neck facility has interfered with Mr. Contreras' Sixth Amendment right to counsel directly. Not because the the facility's treatment of him interferes with his ability to work on his case, not because of the distance between his location and his lawyers' offices and homes, but

---

[1] Mr. Contreras will not reiterate all the issues with his continued detention at the Northern Neck facility. He raises them again, and notes that his continued detention at that facility is still affecting his right to a fair trial as detailed in his previous motions. See Docket Entries 217, 284, 601 and 820.

because the Northern Neck facility has directly invaded and subverted the attorney-client relationship. On June 18, 2021, undersigned counsel travelled to the Northern Neck facility to meet with Mr. Contreras. At that meeting, undersigned counsel provided work-product to Mr. Contreras. The work product included notes and trial strategy. The purpose of this was for Mr. Contreras to review material so he could discuss the case at his next meeting with counsel. At the meeting, Mr. Contreras, as he has done in letters to this Court, complained that the Northern Neck facility was confiscating his legal papers including work he intended for his attorneys.

On July 9, 2021, undersigned counsel and Ms. Manitta traveled to the Northern Neck. When asked about the work product that undersigned counsel had provided Mr. Contreras on June 18, Mr. Contreras indicated to counsel that the facility had taken it. Prior to the July 9, 2021 visit, undersigned counsel had sought permission to inspect Mr. Contreras' confiscated property in order to investigate the earlier claims of confiscated work product. The Northern Neck facility had confiscated Mr. Contreras' other property but had indicated to counsel that no legal papers were present in the confiscated material. After meeting with Mr. Contreras, undersigned counsel and Ms. Manitta inspected Mr. Contreras' property bag. There were no legal papers, no legal work nor any of the work product Mr. Contreras claims that Northern Neck had taken. But more significantly, the work product that counsel had given Mr. Contreras on June 18, 2021, was also missing. Undersigned counsel and Ms. Manitta inquired of Northern Neck staff if there was any other property anywhere in the facility that may belong to Mr. Contreras; the answer was no. It is apparent that Mr. Contreras has been truthful with this Court and with counsel; the Northern Neck facility is invading the attorney-client relationship and confiscating privileged communications. The very papers that undersigned counsel had personally handed to Mr. Contreras are nowhere to be found.

In this Circuit, material are communications are protected if

(1)the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United State v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982). The work product that undersigned counsel gave to Mr. Contreras plainly meets the test. It was given to a client specifically for the purposes of work on the trial in this case. Mr. Contreras' work, which has also gone missing, also meets the definition of privileged communications. It was prepared by him for his counsel to inspect and then use in providing legal services.

The Sixth Amendment right to counsel protects the privacy of communication with counsel. *United States v. Brugman*, 655 F.2d 540, 546 (4th Cir. 1981). There are circumstances where intercepted or overheard communications between client and counsel can lead to dismissal of case. *See United States v. Chavez*, 902 F.2d 259, 266 (4th Cir. 1990) (describing the test to evaluate when the Sixth Amendment right to privileged communications has been invaded by the government). At this point, it is unknown what happened to these communications, so Mr. Contreras cannot yet move to dismiss the case against him. It is, however, within the Court's power to find out.

Mr. Contreras seeks the following relief while reserving his right to move to dismiss the case on Sixth Amendment grounds at a later time:

1. That the United States Marshals service be directed to investigate the whereabouts of Mr. Contreras' communications and privileged work product.

2. That those findings be presented to this Court, defense counsel and counsel for the government no later than the August 30, 2021 hearing currently scheduled in this matter.

3. That this Court order Mr. Contreras be moved to a different facility so that he can be confident that the jail in which he is housed pending and during trial is not interfering with his right to counsel. Counsel cannot trust that final trial preparations and communications will remain confidential. The Marshals Service cannot conduct an effective investigation into the Northern Neck facility when Mr. Contreras is housed there.

.

|  |  |
|---|---|
| | Respectfully submitted, |
| Date: <u>August 12, 2021</u> | <u>/s/ Jesse Winograd</u> |
| | Jesse Winograd, Esq. (VA Bar #79778) |
| | GOWEN SILVA & WINOGRAD PLLC |
| | 513 Capitol Court, NE, Suite 100 |
| | Washington, DC 20002 |
| | Phone: (202) 380-9355 |
| | Fax: (202) 499-1370 |
| | jwinograd@gowensilva.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Respectfully submitted,

Date: <u>August 12, 2021</u>

<u>*/s/ Jesse Winograd*</u>
Jesse Winograd, Esq. (VA Bar #79778)