IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal Action No. 1:18-cr-123-4 (RDA) |
| ) | |
| RONALD HERRERA CONTRERAS, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter came before the Court on the Government's Motion for Reconsideration of the Court's denial of Defendant Ronald Herrera Contreras's request to proceed *pro se* at his jury trial (Dkt. 989) and Defendant Herrera Contreras's Motion for Investigation and Transfer (Dkt. 976). At a hearing on August 26, 2021, the Court heard oral argument on these motions, which are now ripe for resolution.

### I. Motion For Reconsideration

### A. Background

The Government's Motion asks the Court to reconsider its July 21, 2021 decision denying Defendant Herrera Contreras's request to represent himself. Neither Defendant nor his counsel responded to the Motion. Defendant's equivocation with respect to his desire to represent himself is well known to the Court and all parties to these proceedings, but the Court briefly summarizes the procedural history preceding the July 21, 2021 hearing here. Defendant expressed his desire to proceed *pro se* in a handwritten letter to the Court docketed on October 21, 2019. When the Court held a hearing the following month, the Court specifically asked Defendant Herrera Contreras whether he was satisfied with the representation provided by his counsel, or if he instead wished to serve as his own counsel. Defendant Herrera Contreras answered that he was content

with the services provided by his counsel, Lana Manitta, and said that he did not want to represent himself. Then, on November 20, 2019, the Court appointed Jesse Winograd to represent Defendant alongside Lana Manitta. In a letter docketed on January 2, 2020, Defendant again asked to represent himself *pro se*. The Court denied Defendant's request in a February 14, 2020 Order, noting that Defendant's motion was not ripe for review. Defendant wrote on February 23, 2020 that he planned to appeal the Court's order and file a new motion to represent himself. At a March 9, 2021 status hearing, counsel for Defendant presented argument on his behalf and made representations with Defendant's authorization. For his part, Defendant registered no dissatisfaction with his counsel at this hearing. Defendant then sent letters on May 19, 2021 and June 16, 2021 expressing his desire to represent himself. After Defendant renewed his interest in proceeding *pro se* at a July 16, 2021 hearing, the Court scheduled a July 21, 2021 hearing to assess Defendant's request to proceed pro se pursuant to *Faretta v. California*, 422 U.S. 806, 818-22 (1975). At that hearing, the Court conducted an *ex parte* colloquy with Defendant and his counsel, outside the presence of the Government. The Court issued a short written order the following day memorializing its decision to deny Defendant's request to proceed *pro se* at that time, which contained a non-exhaustive discussion of the various factors the Court weighed in determining whether Defendant's request to proceed *pro se* was "(1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013) (citation omitted).

B. Analysis

For two reasons, the Court denies the Government's Motion for Reconsideration.

First, the Government has not identified—and this Court has not found—any controlling authority that would indicate the Government has standing to seek redress for an alleged violation

of a defendant's Sixth Amendment right to self-representation. The Government cites only one case for the proposition, from the Eastern District of Michigan, which ultimately issued an order denying the government's motion in that case. *See* Dkt. 989, 12 n.6 (*citing United States v. Carlos Powell*, No. 2:12-cr-20052 (E.D. Mich. Apr. 23, 2014) (Dkt. 286)). Indeed, the Government in its Motion "acknowledges it has no vested interest in whether Herrera serves as his own counsel[.]" *Id.* at 13. The Government instead cites its inability to raise these arguments at an earlier stage due to the *ex parte* nature of the Court's *Faretta* inquiry as reason not to dismiss the Motion on the basis of mere disagreement with the Court's Order or failure to raise arguments prior to the Order's issuance. *Id.* at 12. But the Government's unorthodox motion is not properly brought merely because it survives tests that might doom other motions for reconsideration. There appears to be no statute, Federal Rule of Criminal Procedure, or controlling case that would suggest the Government has standing to challenge a purported infringement of a defendant's right to self-representation. In the absence of a concretized basis for accepting the Government's novel theory of prosecutorial standing, the Court concludes that the Government lacks the prerogative to bring its motion. For this reason, the Motion for Reconsideration is denied.

Second, even if the Government's Motion for Reconsideration were properly before the Court, events subsequent to the Court's July 21, 2021 *Faretta* inquiry have rendered the Motion for Reconsideration moot. Specifically, on August 3, 2021, Defendant Herrera Contreras signed— under penalty of perjury—a declaration stating that he no longer wished to serve as his own attorney and wanted to continue being represented by his counsel. The Court recognizes that Defendant Herrera Contreras submitted a handwritten letter docketed on August 10, 2021, in which he purportedly stated that his declaration was conditional on his being transferred from Northern Neck Regional Jail. Defendant's last statement made under penalty of perjury, however, is that he

3

was satisfied with the services of his counsel. And whatever weight Defendant's handwritten letter might hold, the purported condition has now been satisfied at least in part, given that Defendant has since been transferred to a different detention facility, albeit not the specific alternative facility Defendant identified. The Court gives Defendant's August 3, 2021 sworn statement withdrawing his request to proceed *pro se* the weight it is due. In light of these events, the Court need not entertain the merits of the Government's Motion for Reconsideration as it is now moot.

The Court makes this determination without prejudice to Defendant's ability to assert his right to self-representation at a later date. In so doing, however, the Court finds that Defendant Herrera Contreras's equivocations and conduct to date could very well be interpreted as attempts to "manipulate the trial proceedings." *United States v. Bush*, 404 F.3d 263, 272 (4th Cir. 2005). In certain cases where such manipulation is present, the "interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer[.]" *Id.* The Court discourages any attempt to intentionally court error and advises Defendant that such conduct may be fairly read as a waiver of his right to self-representation.

II. Defendant Herrera Contreras's Motion for Investigation and Transfer

Defendant Herrera Contreras has also petitioned the Court for relief, requesting that the United States Marshals Service be directed to investigate the whereabouts of his communications and privileged work product at Northern Neck Regional Jail. In addition, Defendant has asked that he be moved to a different facility, as he has done before.

The Court declines to order an investigation by the Marshals Service into the disappearance of Defendant's personal effects and work product at this juncture. The Court cannot determine, based on the record before it, what has transpired with respect to Defendant Herrera Contreras's belongings and legal papers. Argument at the hearing did not resolve the question whether the

materials were, in fact, confiscated by Northern Neck staff, or whether Defendant Herrera Contreras disposed of the materials himself. The Court declines, at this juncture, to order that a co-equal branch of government conduct an investigation of the matter. Defendant's Motion is denied to the extent it seeks such relief.

With regard to Defendant's request for transfer, counsel for the Government and Defendant represented at the August 26, 2021 hearing that Defendant has now been transferred from Northern Neck. The Court denies Defendant's Motion insofar as he seeks to be transferred to a different facility. For the same reasons, the Court denies Defendant's earlier request seeking similar relief. Dkt. 820.

For these reasons, as well as those stated by the Court during the August 26, 2021 hearing, it is hereby ORDERED that the Government's Motion for Reconsideration (Dkt. 989) is DENIED; and it is

FURTHER ORDERED that Defendant Herrera Contreras's Motion for Investigation and Transfer (Dkt. 976) is DENIED; and it is

FURTHER ORDERED that Defendant Herrera Contreras's Motion for Transfer (Dkt. 820) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
August 27, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge