IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RONALD HERRERA CONTRERAS, ) | Criminal Action No. 1:18-cr-123-4 (RDA) |
| ) | |
| HENRY ZELAYA MARTINEZ, ) | Criminal Action No. 1:18-cr-123-6 (RDA) |
| ) | |
| PABLO MIGUEL VELASCO BARRERA, ) | Criminal Action No. 1:18-cr-123-8 (RDA) |
| ) | |
| DUGLAS RAMIREZ FERRERA, ) | Criminal Action No. 1:18-cr-123-12 (RDA) |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Continue the Trial ("Motion"). Dkt. 968. Considering the Motion, the Government's Response in Opposition (Dkt. 975), Defendants' Reply (Dkt. 992), and oral argument presented at the August 26, 2021 hearing, the Motion is hereby GRANTED.

After conditions resulting from the COVID-19 pandemic paused all jury trials, criminal jury trials resumed in the United States District Court for the Eastern District of Virginia on March 1, 2021. *See* General Order 2021-02. Civil jury trials resumed on May 3, 2021. *See* General Order 2021-04. Trials throughout the District continued apace for several months. By July 8, 2021, conditions had improved such that the District adopted a discretionary policy in which presiding judges were afforded the option to reduce distancing between jurors and prospective jurors from six feet to three feet. *See* General Order 2021-10.

By the end of July, that guidance had been revoked. A surge in COVID-19 case rates largely driven by the COVID-19 Delta variant, as well as recently updated guidance from the Centers for Disease Control and Prevention, required Chief Judge Mark Davis to withdraw the previous policy

permitting a three-foot distancing rule during jury trials.[1] *See* General Order 2021-11. The Court's six-foot distancing rule remains in effect as of the date of this Order, as does the policy requiring persons to wear facemasks in all indoor public areas and public-facing areas—regardless of vaccination status. *Id.*

After the Government moved to certify the case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court deemed the case as complex due to the number of defendants, the nature of the prosecution, and the voluminous discovery involved, among other reasons. Dkt. Nos. 77; 81. Due in large part to this complexity, the scheduled September 13, 2021 trial is set to span ten weeks, with a projected concluding date of November 5, 2021.

In considering whether to grant a trial continuance, the Court considers "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice"; "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within" the applicable time limits; or whether proceeding to trial "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

The number of COVID-19 cases—including "breakthrough" infections in vaccinated individuals—is rising both nationally and locally. The Delta variant appears to be the primary driver

---

[1] In light of the risk posed by the spread of the COVID-19 Delta variant, this District adopted a vaccination and testing policy on August 13, 2021. *See* General Order 2021-12. A week later, the policy was extended to all counsel admitted to practice before this Court and employees of their offices who will appear in courthouses or court facilities. *See* General Order 2021-13. The policy does not extend to criminal defendants, however, and the Court acknowledges that the Motion to Continue states that "based on information and belief, not all defendants are vaccinated or plan to get vaccinated before trial[.]" Dkt. 968, 7.

2

behind the recent deterioration in public health conditions.[2] The trajectory locally, unfortunately, is unpromising. The Court takes judicial notice of the fact that when Defendants filed their Motion to Continue on August 11, 2021, Alexandria, Virginia recorded 76.74 new cases per 100,000 persons, a "substantial" level of community transmission. Dkt. 968, 3. By the time Defendants filed their Reply on August 23, 2021, that figure had risen to 102.3 cases per 100,000 persons, vaulting the community into the "high transmission" category. Dkt. 992, 4. Today, the figure stands at an even higher 117.5 COVID-19 cases per 100,000 persons. *See* https://www.alexandriava.gov/performance/info/dashboard.aspx?id=114883.

In the Court's conservative estimate, at least 45 individuals would need to be present in the courtroom each day of the two-and-half-month trial, excluding any observers from the public. Indoor gatherings of this size pose a substantial risk at this time, particularly in light of increasing infection rates among even vaccinated individuals. *See* How Covid-19 Spreads, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covidspreads.html (last visited Aug. 27, 2021) ("The more people an individual interacts with at a gathering and the longer that interaction lasts, the higher the potential risk of becoming infected with COVID-19 and COVID-19 spreading."). In this way, "COVID-19 poses another problem, given the limited size of the Court's physical size and the space needed to adapt precautions attempting to address the current contagion." *United States v. Furness*, No. 3:19-CR-098 (4), 2021 WL 736900, at *2 (S.D. Ohio Feb. 25, 2021). Notwithstanding the representations of counsel about the necessity of holding a ten-week trial in this complex case, which the Court has no reason to doubt are sincere projections given the number of

---

[2] At least one study reports that "people infected with the Delta variant had about 1,000 more copies of the virus in their respiratory tracts than those infected with the original strain of the coronavirus." Why The Delta Variant Is So Contagious: A New Study Sheds Light, https://www.npr.org/sections/goatsandsoda/2021/07/08/1013794996/why-the-delta-variant-is-so-contagious-a-newstudy-sheds-light (last visited Aug. 27, 2021).

defendants, exhibits, witnesses, and translation issues involved, the unusual length of this trial compounds the risk of infection-based pauses, delays, or even a mistrial.

The acceleration of the virus, combined with the length of the trial, increases the likelihood that a defendant, counsel, member of the court staff, or juror may contract COVID-19. The use of a higher-than-usual number of alternate jurors may mitigate the risk of a mistrial, but that salutary safeguard also necessarily increases the number of persons in the courtroom, only heightening the risk that infection may be introduced in the trial setting and ultimately spread.[3] In short, the complexity of this ten-week trial begets the complexity of safely conducting and successfully concluding it.

In light of the maturity of this case, this Court has carefully considered whether the ends of justice would be served by proceeding to trial on September 13, 2021. The Court has judiciously weighed not only whether conducting a ten-week criminal jury trial at this time is possible or advisable, but also whether it can conduct a fair trial that provides Defendants all the protections they are guaranteed under the Constitution. In view of the current state of the pandemic, the Court finds that the preceding factors counsel a continuance in this case. Accordingly, the Court finds that "that the ends of justice served by taking such action outweigh the best interests of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Continue (Dkt. 968) is GRANTED; and it is

FURTHER ORDERED that the September 13, 2021 trial date is VACATED; and it is

FURTHER ORDERED that the remaining deadlines and hearings for pretrial motions and

---

[3] Although the Court shares Defendants' commitment to ensuring that a fair cross-section of the community is assembled in the *venire*, the Court notes that Defendants fail to satisfy the requirement for establishing a *prima facie* violation of the fair cross-section requirement. *See Berghuis v. Smith*, 559 U.S. 314, 319 (referencing the three-prong test outlined in *Duren v. Missouri*, 439 U.S. 357, 364 (1979), for demonstrating a *prima facie* violation).

other matters set forth in the April 28, 2021 Scheduling Order (Dkt. 856) are VACATED; and it is

FURTHER ORDERED that defense counsel's Motion to Permit Electronic Devices into the Courthouse for Jury Trial (Dkt. 998) is DENIED as MOOT; and it is

FURTHER ORDERED that the parties appear for a status hearing on September 9, 2021 at 10:00 a.m. for the purpose of setting a new trial date.

The Clerk is directed to forward copies of this Order to all parties of record.

It is SO ORDERED.

Alexandria, Virginia
August 27, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge